Rattle, J.
 

 It is a matter of regret that this case has been submitted to us without an argument for the plaintiff.
 
 *183
 
 Being, ourselves, unable to perceive any principle upon which his case can be sustained, it would have been a satisfaction to us to hear what his counsel could suggest in his behalf. It is assumed, in the argument for the defendants, that the'plaintiff relies mainly, if not altogether, upon the case of March against the same defendant, decided by us twelve months ago, and reported in Busb. 143; and hence that argument has been directed almost entirely to pointing out distinctions between that case and the present. There is one plain distinction which, in sustaining the one, necessarily overthrows the other. In March v. Wilson, the plaintiff, by becoming the bail of Henry E. Wilson, the absconding debtor, acquired a direct interest in keeping him in the county. Had he remained, ,the plaintiff could not have sustained any damage. The defendants fraudulently assisted in removing him, the direct and necessary consequence of which was, that he was compelled to pay the debt for which he had arrested him. There was a wrong and a consequent damage. This damage was immediate and certain. The action was, therefore, sustained upon well recognized principles. How is it in the present case ? Why, at the time when the defendants committed the wrongful act of fraudulently assisting Henry E. Wilson to escape from the county, the plaintiff’s intestate had no claim upon him Avhatevcr. It is true, he was one of the sureties to his official bond as constable, during the year 1841, of which breaches had been committed, but he had no right at that tifne to arrest his person, or attach his property. This he could not have done until twelve months afterwards, when he paid money for him as surety. Do the facts show that, if Henry E. Wilson had remained in the county, the plaintiff’s intestate would not have suffered loss ? Might not Wilson’s property have been taken to pay other debts, or have been so disposed of by himself, that the intestate would necessarily have failed to secure his claim in part, if not all ? It
 
 *184
 
 is manifest that these questions must be answered unfavorably to the plaintiff, and they show that his case falls within the principles laid down in Lamb v. Stone, 11 Pick. 527, and Gardiner v. Sherrod, 2 Hawks, 178, which are cited and commented upon in March v. Wilson, and distinguished from it. The injury complained of by the plaintiff was too remote, indefinite and contingent,- and the amount of damages too uncertain, to give him a cause of action against the defendants. Upon this ground alone, without enquiring into any other, the judgment of non-suit must be affirmed-
 

 Judgment affirmed.